## Case No. 7,864.

### In re KLANCKE.

[4 Ben. 326; [1] 4 N. B. R. 648.]

District Court, E. D. New York. Oct., 1870.

PRIORITIES—ATTACHMENT—LEVY.

1. The personal property of K. was seized by a sheriff, under an attachment issued from a state court. Thereafter other suits were commenced, in which judgments were obtained, and executions issued and delivered to the same sheriff. K. then filed his petition in bankruptcy, and the property was sold by consent of parties, without prejudice to the rights of the several creditors. The judgment creditors moved for an order, directing the judgments to be paid in full, claiming that by virtue of the bankruptcy act [of 1867 (14 Stat. 517)] the attachment was discharged, and as there had been levys under their executions, before the filing of the petition, the lien of the executions was preserved. Held, that the intention of the act, was not to improve the condition of any creditor, or to create new rights.

[Cited in Re Steele, Case No. 13,345.]

2. The levy on property, already subject to an attachment to its full value, gave the judgment creditors no security, and the motion must be denied.

[Cited in Re Steele, Case No. 13,345.]

In bankruptcy.

BENEDICT, District Judge. On the 6th of November, 1869, the personal property of Julius Klancke, was seized by the sheriff, by virtue of an attachment issued under the laws of the state of New York. After the levy of the attachment, two suits were commenced in the marine court of the city of

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

New York, against the bankrupt, in which judgments were obtained, and executions issued and delivered to the sheriff. After such levy, the debtor filed his petition in bankruptcy, under which he has been declared bankrupt, and his property having been converted into money by the trustee, is now in his hands for distribution.

The gross amount of the estate is $1,668 87, without deducting expenses. The amount of the judgments, in the marine court, is $1,037 88. The amount of the prior attachment was $2,710 75. The estate having been converted into cash, by consent of parties, without prejudice to the rights of the judgment creditors and the attaching creditor, and subject to the order of the court, the judgment creditors now move for an order, directing the payment of the judgments in full, in preference to any other creditors, upon the ground that, by the bankruptcy act, the attachment was discharged, and there having been a bona fide levy under the executions, before the filing of the petition, the lien of the executions is saved by the act, and the judgment creditors are accordingly entitled to be paid in full. I cannot assent to this view of the effect of the bankruptcy act, in a case like the present. The provisions of the act for preserving existing securities, certainly do not indicate any intention to improve the condition of any creditor, or create new rights. The most that could be said, is what was said in earlier cases, arising under the act, namely: that any right of priority, lawfully acquired by a judgment creditor, by a valid levy made prior to the filing of the petition in bankruptcy, would be preserved in proceedings under the act. In the present case, all the right which the judgment creditor had acquired, was by a levy on property already subject to an attachment, to its full value. Such a levy gave the judgment creditor no security, and does not entitle him to apply to this court for a payment of his judgment in full, out of the proceeds of the estate. In this view of the law, it is unnecessary to consider the effect of the evidence relied upon to show that the insolvency of the bankrupt was known to the judgment creditor, at the time of obtaining his judgment. My determination is based upon the assumption, that the prior attachment was a bona fide proceeding, instituted in good faith, to collect a debt due.